Matter of Zamostina v New York City Employees' Retirement Sys. (2020 NY Slip Op 07583)





Matter of Zamostina v New York City Employees' Retirement Sys.


2020 NY Slip Op 07583


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-15180
 (Index No. 9/2017)

[*1]In the Matter of Zinaida Zamostina, et al., respondents, 
v
New York City Employees' Retirement System, appellant.


James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Eric Lee of counsel), for appellant.
Kreisberg & Maitland, LLP, New York, NY (Jeffrey L. Kreisberg of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to direct the New York City Employees' Retirement System to return the petitioners to their previous pension plan and to reimburse the petitioners for any amounts collected due to their involuntary placement in a different pension plan, the New York City Employees' Retirement System appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Richard Velasquez, J.), dated September 26, 2018. The order and judgment, insofar as appealed from, granted those branches of the second amended petition which were to direct the New York City Employees' Retirement System to return the petitioners to their previous pension plan and to reimburse the petitioners for any amounts collected due to the involuntary change in their pension plans, and denied the cross motion of the New York City Employees' Retirement System pursuant to, inter alia, CPLR 7804(f) to dismiss the second amended petition.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the second amended petition which was to direct the New York City Employees' Retirement System to return the petitioners to their previous pension plan and directing the New York City Employees' Retirement System to return the petitioners to their previous pension plan, and substituting therefor a provision denying that branch of the second amended petition and dismissing that portion of the proceeding; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the petitioners.
Shortly after commencing their employment with the City of New York, the petitioners Zinaida Zamostina and Irina Kopelyanova joined the appellant, New York City Employees' Retirement System (hereinafter the appellant), in November 1995 and December 1995, respectively, and were placed by the appellant in the Basic Tier 4, 62/5 Retirement Plan (hereinafter the 62/5 plan) which provided for a retirement with full benefits at age 62 after at least 5 years of credited service. It is undisputed that the petitioners' enrollment in the 62/5 plan was in error, and that the appellant was instead required by statute to place them into the Tier 4 57/5 Retirement Plan (hereinafter the 57/5 plan), which allows for retirement with full benefits at age 57 after at least 5 years of credited service, and which also requires greater employee contributions to the pension fund, [*2]apparently because it permits retirement at an earlier age (see Retirement and Social Security Law § 604-d). The petitioners remained members of the 62/5 plan for more than 20 years, receiving annual statements confirming that membership. However, in letters dated September 15, 2016, the appellant advised the petitioners, who were then 63 and 62 years of age, respectively, that their retirement plans were being changed to the 57/5 plan and that they owed additional member contributions because of their belated placement in that plan. In December 2016, the appellant advised Zamostina that there was a deficit in the amount of $20,198.41 in her Retirement Reserve Fund account, and similarly advised Kopelyanova that there was a deficit in the amount of $24,346.69 in her Retirement Reserve Fund account, with both deficits being attributable to the increased employee pension contributions applicable to the 57/5 plan that should have been deducted since the time they joined the retirement system. The appellant further advised the petitioners that they could pay off the deficits either in a lump sum or through periodic payroll deductions, and that any unpaid balance remaining at the time of their retirement would permanently reduce their pension benefits.
The petitioners commenced the instant CPLR article 78 proceeding, inter alia, to direct the appellant to return them to the 62/5 plan and to reimburse them for any additional pension contributions resulting from their involuntary switch into the 57/5 plan. The appellant cross-moved pursuant to, inter alia, CPLR 7804(f) to dismiss the second amended petition. By order and judgment dated September 26, 2018, the Supreme Court granted the aforementioned relief to the petitioners and denied the appellant's cross motion to dismiss. The court reasoned that because the appellant delayed so long in discovering its error, the petitioners were deprived of any opportunity to retire with full benefits before the age of 62, and it would be "an injustice to require them to make . . . payments when this benefit has been lost." We now modify the judgment to permit the placement of the petitioners in the 57/5 plan in accordance with the applicable statute, but we uphold the application of estoppel to require the appellant to reimburse the petitioners for any funds collected pursuant to that placement, and to bar the further collection of any such funds.
We agree with the appellant that the Supreme Court erred in finding that switching the petitioners from the 62/5 plan to the 57/5 plan violated article V, § 7 of the New York State Constitution. New York Constitution article V, § 7 "provides in pertinent part that 'membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired'" (Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Regan, 71 NY2d 653, 658, quoting NY Const, art V, § 7; see Ballentine v Koch, 89 NY2d 51, 56; Birnbaum v New York State Teachers Retirement Sys., 5 NY2d 1, 8-9). Thus, under the New York State Constitution, "[t]he rights of public employees are . . . fixed as of the time the employee becomes a member of the system," not at the time of retirement (Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Regan, 71 NY2d at 658). Moreover, the appellant is obligated to correct its errors (see generally Administrative Code of City of NY § 13-182), and it is undisputed that in the present matter, it was required by statute to place the petitioners in the 57/5 plan (see Retirement and Social Security Law § 604-d). Inasmuch as the petitioners do not dispute that they never were eligible for membership in the 62/5 plan and thus were not entitled to receive benefits thereunder, and that they were required by law to be placed in the 57/5 plan from the outset of their employment, they do not possess a constitutionally protected contractual right to be returned to the 62/5 plan, and the Supreme Court erred in directing that relief (see generally Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Regan, 71 NY2d 653; Matter of Galanthay v New York State Teachers' Retirement Sys., 50 NY2d 984; cf. Matter of Donner v New York City Employees' Retirement Sys., 33 NY2d 413).
However, under the extraordinary circumstances of this case, we conclude that the petitioners succeeded in establishing that the appellant should be estopped from collecting additional funds resulting from their placement in the 57/5 plan. "As a general rule, estoppel may not be invoked against a governmental body to prevent it from performing its statutory duty or from rectifying an administrative error" (Agress v Clarkstown Cent. School Dist., 69 AD3d 769, 771; see Matter of Schorr v New York City Dept. of Hous. & Community Renewal, 10 NY3d 776, 779). Moreover, "[t]he doctrine of estoppel will not reach so far as to hold an individual eligible for vested retirement where by statute, [she] clearly does not qualify for such eligibility" (Matter of Galanthay [*3]v New York State Teachers' Retirement Sys., 50 NY2d at 986 [internal quotation marks omitted]). Nevertheless, "[t]his Court has invoked the doctrine of estoppel against governmental entities where . . . 'misleading nonfeasance would otherwise result in a manifest injustice,' such as where the plaintiff has been the victim of bureaucratic confusion and deficiencies" (Agress v Clarkstown Cent. School Dist., 69 AD3d at 771 [citations omitted], quoting Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau, 113 AD2d 741, 744; see generally Bender v New York City Health & Hosps. Corp., 38 NY2d 662; Matter of Barbera v New York City Empls. Retirement Sys., 211 AD2d 406).
Here, the primary difference between the 57/5 plan, in which the petitioners should have been enrolled, and the 62/5 plan, in which the appellant erroneously placed them, is in affording member employees the opportunity to retire with full benefits at the age of 57 rather than at age 62. Greater employee contributions are required by the 57/5 plan in funding the earlier retirement available under that plan. However, the appellant's failure to discover its pension enrollment error for more than 20 years effectively deprived the petitioners of any opportunity to avail themselves of the key benefit of early retirement, since they were both older than 62 when they were first advised of the appellant's error. Under these circumstances, it would be manifestly unjust to permit the appellant to collect additional employee contributions from the petitioners after its negligence rendered it impossible for them to obtain the primary benefit of the 57/5 plan . Simply put, the appellant may not negligently deny the petitioners the benefit of the 57/5 plan while simultaneously demanding from them the additional contributions associated therewith. Accordingly, we agree with the Supreme Court's determination estopping the appellant from collecting such additional contributions and directing the appellant to reimburse the petitioners for any such amounts it has already collected.
In view of the foregoing, we further agree with the Supreme Court's denial of the appellant's cross motion to dismiss the second amended petition.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court