Matter of Lake v New York City Employees' Retirement Sys. (2022 NY Slip Op 00664)





Matter of Lake v New York City Employees' Retirement Sys.


2022 NY Slip Op 00664


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2018-12043
 (Index No. 2032/17)

[*1]In the Matter of Mona Lake, appellant, 
v
New York City Employees' Retirement System, respondent.


Kreisberg & Maitland, LLP, New York, NY (Jeffrey L. Kreisberg of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Scott Shorr and Eric Lee of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to prohibit the New York City Employees' Retirement System from collecting interest on pre-membership deficits in her contributions to her pension plan, which accrued as a result of placing the petitioner in an incorrect pension plan, and to compel the New York City Employees' Retirement System to reimburse her for any such interest already collected, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated July 2, 2018. The order and judgment, insofar as appealed from, in effect, denied the petition and dismissed the proceeding. Justice Christopher has been substituted for Justice Hinds-Radix (see 22 NYCRR 1250.1[b]).
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner, who was born in 1970, began working for New York City in 1996. She joined New York City Employees' Retirement System (hereinafter the Retirement System) in April 2000. The Retirement System initially placed the petitioner in the Tier 4 Basic 62/5 pension plan (hereinafter the 62/5 plan). In 2017, the Retirement System determined that placing her in the 62/5 plan was an error and that she should have been placed in the 57/5 pension plan (hereinafter the 57/5 plan), and transferred her to the 57/5 plan. The Retirement System informed the petitioner that she owed additional member contributions on both pre-membership service and post-membership service. Of her pre-membership deficit, approximately $6,000 was interest. The Retirement System did not charge her interest on the post-membership deficit.
The petitioner commenced this proceeding pursuant to CPLR article 78 to prohibit the Retirement System from collecting interest on the pre-membership deficits in her contributions to her pension plan, and to compel the Retirement System to reimburse her for any such interest already collected. The Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"Judicial review of an administrative determination not made after a quasi-judicial [*2]hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Sha Realty, LLC v New York State Div. of Hous. & Community Renewal, 193 AD3d 864, 865; see CPLR 7803[3]). "[M]embership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired" (NY Const, art V, § 7). This constitutional provision fixes the rights of public employees "as of the time the employee becomes a member of the system, not at the time of retirement" (Matter of Zamostina v New York City Employees' Retirement Sys., 189 AD3d 1256, 1258 [internal quotation marks omitted]; see Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Regan, 71 NY2d 653, 658). "In securing a public employee's retirement rights, the Constitution does not, in terms or otherwise, preserve naked pension rights qua rights but, rather, the benefits of the contractual relationship" (Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Regan, 71 NY2d at 658 [internal quotation marks omitted]). Therefore, courts "must look to the contract for both the source and the definition of plaintiff's benefits" (id. [internal quotation marks omitted]).
At the time that the petitioner joined the Retirement System, she was required to join the 57/5 plan (L 1995, ch 96, § 6). The 57/5 plan sets forth a schedule pursuant to which members must contribute a particular percentage of their compensation to the Retirement System (Retirement and Social Security Law § 604-d[f][1]). These contributions are known as additional member contributions (id.), which "shall be deducted" from the member's pay beginning "with the first full payroll period after each person becomes a participant in the" 57/5 plan (id. § 604-d[f][3]). A member of the 57/5 plan "shall be charged with a contribution deficiency consisting of the total amounts of additional member contributions such person is required to make . . . which are not deducted from his or her compensation pursuant to [section 604-d(f)(3)], if any, together with interest thereon, compounded annually" (id. § 604-d[f][4][i]). However, "no interest shall be due on any unpaid additional member contributions which are not attributable to a period prior to the first full payroll period referred to in [section 604-d(f)(3)]" (id. § 604-d[f][4][iii]). That is, interest is charged only on pre-membership deficits (see id.).
The petitioner's contention that it was arbitrary and capricious to charge interest on the pre-membership deficit but not on the post-membership deficit is without merit. This result was mandated by statute. Further, the petitioner's constitutionally protected contract rights under the New York Constitution included only those rights to which she was legally entitled at the time that she became a member of the Retirement System (see Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Regan, 71 NY2d at 658; Matter of Zamostina v New York City Employees' Retirement Sys., 189 AD3d at 1258-1259). Because the petitioner was eligible only for membership in the 57/5 plan, and was never eligible for membership in the 62/5 plan, she does not possess "constitutionally protected contractual right[s]" to receive any of the benefits of the 62/5 plan (Matter of Zamostina v New York City Employees' Retirement Sys., 189 AD3d at 1259; see L 1995, ch 96, § 6).
"As a general rule, estoppel may not be invoked against a governmental body to prevent it from performing its statutory duty or from rectifying an administrative error" (Matter of Zamostina v New York City Employees' Retirement Sys., 189 AD3d at 1259 [internal quotation marks omitted]; see Matter of Galanthay v New York State Teachers' Retirement Sys., 50 NY2d 984, 986). The limitation on invoking estoppel against governmental bodies stems "from considerations of sovereign immunity, protection of the public fisc, and separation of powers" (Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 34). Although this Court invoked the doctrine of estoppel in Matter of Zamostina (189 AD3d at 1259), it did so because the petitioners in that case were over the age of 62 when they were first advised of the Retirement System's error, and could not avail themselves of the benefit of the 57/5 pension plan, which would have allowed them to retire at age 57. In this case, on the other hand, the petitioner is of an age where she could avail herself of the benefits of the 57/5 pension plan. Therefore, estoppel does not apply here. Nor does laches apply here, since "[i]t is settled that the equitable doctrine of laches may not be interposed as a defense against the State when acting in a governmental capacity to enforce a public right or protect a public interest" (Matter of Cortlandt Nursing Home v Axelrod, 66 NY2d 169, 177 n 2).
Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.
CONNOLLY, J.P., MILLER, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court