Matter of Block 3738 Constr. Corp. v Niblack (2025 NY Slip Op 00441)

Matter of Block 3738 Constr. Corp. v Niblack

2025 NY Slip Op 00441

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-00357
 (Index No. 85153/22)

[*1]In the Matter of Block 3738 Construction Corp., respondent, 
v
Preston Niblack, etc., et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rochelle Cohen, Andrea M. Chan, Edan Burkett, and Deborah R. Kerzhner of counsel), for appellants.
Goldberg & Bokor, LLP, Cedarhurst, NY (Scott Goldberg, Jason Bokor, and Todd Kammerman of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Finance dated March 4, 2022, which denied the petitioner's application for tax reassessment and reclassification of certain real property, Preston Niblack and the City of New York appeal from a judgment of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated December 5, 2022. The judgment, inter alia, granted the petition, annulled the determination, granted the petitioner's application for tax reassessment and reclassification, and directed that the subject property be reassessed and reclassified as tax class one, residential property.
ORDERED that the judgment is affirmed, with costs.
In February 2022, the petitioner submitted an application to the New York City Department of Finance (hereinafter the DOF) to reclassify certain vacant unimproved property located in Staten Island from tax class four, building class V1, to tax class one, building class V0, and to reassess the property accordingly. In a determination dated March 4, 2022, the DOF denied the application, finding that the original assessment was correct. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 against Preston Niblack, the Commissioner of the DOF, and the City of New York (hereinafter together the appellants) to annul the DOF's determination. The petition alleged that the classification of tax class four was improper since, pursuant to RPTL 1802(1)(d), all residentially zoned property outside of Manhattan must be taxed as tax class one, residential property.
In a judgment dated December 5, 2022, the Supreme Court, inter alia, granted the petition, annulled the DOF's determination, granted the petitioner's application for tax reassessment and reclassification of the property, and directed that the property be reassessed and reclassified as tax class one. The court directed the appellants, pursuant to Administrative Code of the City of New York § 11-206 and RPTL 1802(3), to correct the clerical error and error of description for the property. This appeal ensued.
"Administrative Code § 11-206 vests the Commissioner of the DOF with the discretion to correct any tax assessments that are erroneous due to a clerical error or to an error of [*2]description" (Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 35; see People ex rel. Harway Improvement Co. v Berry, 258 NY 590, 590; 17 Grand Ave. Corp. v Niblack, 80 Misc 3d 1217[A], 2023 NY Slip Op 51022[U] [Sup Ct, Queens County]). The Administrative Code does not define the terms "clerical error" or "error of description," but "[g]enerally, a clerical error is an error resulting from a minor mistake or inadvertence, such as in writing or copying something on the record, rather than an error in reasoning or judgment" (Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d at 36; see Black's Law Dictionary [9th ed 2009], clerical error). However, the DOF has defined those terms and has included "[i]naccurate building class that affected assessed value" as a clerical error or error of description (19 RCNY 53-02[b][10]).
Contrary to the appellants' contention, the Supreme Court did not err by reaching the merits of the petition in this CPLR article 78 proceeding. Although, "[g]enerally, the proper method for challenging an allegedly excessive or unlawful real property tax assessment is by the commencement of a tax certiorari proceeding pursuant to RPTL article 7," an RPTL article 7 proceeding "is not the only method by which the petitioner could challenge the assessment of the subject property, where the erroneous assessment arose from an alleged clerical error or an error in description" (Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d at 33, 38; see NYCTL 2011-A Trust v Evelyn, 175 AD3d 1418, 1419).
Here, the petitioner challenged, inter alia, the classification of the property as tax class four because, pursuant to RPTL 1802(1)(d), all residentially zoned property outside of Manhattan must be taxed as a tax class one residential property. Since such a classification is mandatory, not discretionary, and because such classification affected the assessed value of the property, the petition challenged the "[i]naccurate building class that affected assessed value," which was therefore proper pursuant to Administrative Code § 11-206 (19 RCNY 53-02[b][10]). To the extent that the decision of the Appellate Division, First Department, in Matter of 3061-63 Third Ave. LLC v Soliman (223 AD3d 548) is inconsistent with our conclusion, we decline to follow it.
The administrative determination at issue here must be upheld "unless it is arbitrary and capricious and without a rational basis" (Matter of Parsons Manor, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 945, 946; see CPLR 7803[3]; Matter of 88-05 171, LLC v New York State Div. of Hous. & Community Renewal, 214 AD3d 650, 650). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d 486, 487 [internal quotation marks omitted]; see Matter of Fairley v State of New York Div. of Hous. & Community Renewal, 214 AD3d 800, 801). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of CHT Place, LLC v New York State Div. of Hous. & Community Renewal, 219 AD3d at 487).
Here, the Supreme Court properly determined that the DOF erroneously classified the property as tax class four, rather than tax class one. Because the property was residentially zoned as R3-2, even with a commercial overlay, it should have been classified as tax class one, building class V0 (see Matter of Shore Dev. Partners v Board of Assessors of County of Nassau, 112 AD3d 724, 726; Matter of 194 Main, Inc. v Board of Assessors, 91 AD3d 876, 877; 17 Grand Ave. Corp. v Niblack, 80 Misc 3d 1217[a], 2023 NY Slip Op 51022[U]).
Accordingly, the Supreme Court properly determined that the DOF's denial of the petitioner's application was arbitrary and capricious, properly granted the petitioner's application for tax reassessment and reclassification of the property, and properly directed the appellants to correct the clerical error and error of description for the property.
The parties' remaining contentions are without merit.
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court