Matter of Richmond SI Owner, LLC v Soliman (2025 NY Slip Op 01098)

Matter of Richmond SI Owner, LLC v Soliman

2025 NY Slip Op 01098

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2022-05273
 (Index No. 85203/21)

[*1]In the Matter of Richmond SI Owner, LLC, respondent, 
v
Sherif Soliman, etc., et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rochelle Cohen, Andrea M. Chan, and Edan Burkett of counsel), for appellants.
Goldberg & Bokor, LLP, Cedarhurst, NY (Scott Goldberg of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review determinations of the Department of Finance of the City of New York dated June 14, 2021, which denied the petitioner's applications for tax reassessment and reclassification of certain real property, Sherif Soliman and the City of New York appeal from a judgment of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated May 27, 2022. The judgment, inter alia, granted the petition, annulled the determinations, granted the petitioner's applications for tax reassessment and reclassification, and directed that the subject properties be reassessed and reclassified as tax class one.
ORDERED that the judgment is modified, on the law, by deleting the provisions thereof granting that branch of the petition which was to annul so much of the determinations as denied so much of the petitioner's applications as sought tax reassessment and reclassification for the period prior to December 5, 2018, granting so much of the petitioner's applications as sought tax reassessment and reclassification for the period prior to December 5, 2018, and directing that the subject property be reassessed and reclassified as tax class one for the period prior to December 5, 2018, and substituting therefor provisions denying that branch of the petition and dismissing that portion of the proceeding; as so modified, the judgment is affirmed, with costs to the petitioner.
In May 2021, the petitioner (hereinafter the taxpayer) submitted applications to the Department of Finance of the City of New York (hereinafter the DOF) for tax reassessment and reclassification of two vacant lots located in Staten Island (hereinafter the parcels) from tax class four to tax class one (see generally RPTL 1802[1]). In determinations dated June 14, 2021, the DOF denied the applications, finding, among other things, that the requests were not based on a clerical error or an error in description and that the tax class was correct. Thereafter, the taxpayer commenced this proceeding pursuant to CPLR article 78 against Sherif Soliman, the former Commissioner of the DOF, and the City of New York (hereinafter together the appellants), inter alia, to annul the determinations. By judgment dated May 27, 2022, the Supreme Court granted the petition, annulled the determinations, granted the taxpayer's applications for tax reassessment and reclassification, and directed that the parcels be reassessed and reclassified as tax class one. This appeal ensued.
Although, "[g]enerally, the proper method for challenging an allegedly excessive or unlawful real property tax assessment is by the commencement of a tax certiorari proceeding pursuant to RPTL article 7" (Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 33; see Matter of Block 3738 Construction Corp. v Niblack, _____ AD3d _____, _____, 2025 NY Slip Op 00441, *2 [2d Dept]), an article 7 proceeding "is not the only method by which the petitioner could challenge the assessment of the subject property, where the erroneous assessment arose from an alleged clerical error or an error in description" (Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d at 33; see Matter of Block 3738 Construction Corp. v Niblack, _____ AD3d at _____, 2025 NY Slip Op 00441, *2). Administrative Code of the City of New York § 11-206 provides that "[t]he commissioner of finance may correct any assessment or tax which is erroneous due to a clerical error or to an error of description contained in the several books of annual record of assessed valuations, or in the assessments-rolls." Further, pursuant to the Rules of the City of New York Department of Finance in effect at the time of the subject determination (see 19 RCNY former §§ 53-01 and 53-02; hereinafter together the clerical error rules), an "[i]naccurate building class that affected assessed value" constitutes a clerical error or error of description (19 RCNY former 53-02[b][10]). The clerical error rules provide that such errors of description may be corrected by application to the City of New York within six years of the error (see id. former§§ 53-01, 53-02). Thus, contrary to the appellants' contention, the Supreme Court did not err by reaching the merits of the petition in this CPLR article 78 proceeding. To the extent that the decision of the Appellate Division, First Department, in Matter of 3061-63 Third Ave., LLC v Soliman (223 AD3d 548) is inconsistent with our conclusion, we decline to follow it.
"Judicial review of an administrative determination not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Lake v New York City Employees' Retirement Sys., 202 AD3d 682, 683 [internal quotation marks omitted]; see CPLR 7803). RPTL 1802(1) provides the rule for classifying "real property . . . in a special assessing unit," which is defined as any "assessing unit with a population of one million or more" (id. § 1801[a]). New York City is such a "special assessing unit" (see Matter of 49 Realty Co. v Commissioner of Fin., 15 AD3d 659, 660). Tax class one property includes "all vacant land located within a special assessing unit which is a city" that is either zoned residential or situated immediately adjacent to qualifying residential property, "other than such land in the borough of Manhattan" (RPTL 1802[1][d]). Tax class four property consists of "all other real property which is not designated class one, class two, or class three" (id. § 1802[1]). Accordingly, vacant land that is zoned residential and located within New York City but outside of the borough of Manhattan is properly classified as tax class one, regardless of a commercial overlay (see Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d 988, 990).
Here, the parcels are vacant lots located in Staten Island and were zoned residential. The appellants should have classified the parcels as tax class one regardless of whether they had a commercial overlay and their failure to do so was an error of law (see RPTL 1802[1]; Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d at 990).
However, the appellants correctly denied the taxpayer's applications insofar as they sought reassessment and reclassification of the parcels prior to the taxpayer's acquisition of the parcels on December 5, 2018. The clerical error rules are limited to "the owner of the property or any person who would be entitled to file a complaint pursuant to section 163 of the New York City Charter" (19 RCNY former § 53-01[a][1]). The New York City Charter, in turn, provides, "[d]uring the time that the books of annual records of the assessed valuation of real estate are open for public inspection, any person or corporation claiming to be aggrieved by the assessed valuation of real estate may apply for correction of such assessment" (New York City Charter § 163[b]). Such review includes disputes that "the real property is misclassified" (id. § 163[c]). The essence of aggrievement in the context of real property taxation is whether the assessment "has a 'direct adverse effect on the challenger's pecuniary interest'" (Larchmont Pancake House v Board of Assessors, 33 NY3d 228, 237 [alteration omitted], quoting Matter of Waldbaum, Inc. v Finance Adm'r of City of N.Y., 74 NY2d 128, 132). Here, the taxpayer acknowledges that it was not aggrieved by any tax [*2]assessment prior to its acquisition of the parcels on December 5, 2018. Accordingly, that branch of the petition which was to annul so much of the determinations as denied the applications as sought tax reassessment and reclassification for the period prior to December 5, 2018, should have been denied, and the parcels should have been reassessed and reclassified as tax class one for the period beginning December 5, 2018, the period for which the taxpayer's pecuniary interests were directly adversely affected.
MILLER, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court