*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                    519623
_____

In the Matter of ORANGE COUNTY
    ECONOMIC DEVELOPMENT
    CORPORATION, Doing Business
    as ORANGE COUNTY
    PARTNERSHIP,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK AUTHORITIES
    BUDGET OFFICE,
                    Respondent.
_____

Calendar Date:   March 26, 2015

Before:   Peters, P.J., Lahtinen, Rose and Devine, JJ.

_____

        Burke, Miele & Golden, LLP, Goshen (Richard B. Golden of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Kate H.
Nepveu of counsel), for respondent.

_____


Rose, J.

        Appeal from a judgment of the Supreme Court (Platkin, J.),
entered March 4, 2014 in Albany County, which, in a proceeding
pursuant to CPLR article 78, granted respondent's motion to
dismiss the petition.

        Petitioner, a not-for-profit local economic development
corporation, was informed by a November 2011 letter from
respondent that it considered petitioner to be a local authority
subject to the reporting, disclosure and governance requirements

of the Public Authorities Law, and that the lack of any response from petitioner by December 6, 2011 would indicate petitioner's acceptance of the determination. Petitioner did not respond to the letter until January 2012 and, in the months that followed, petitioner and respondent exchanged letters regarding petitioner's disagreement with the determination and request that it be reconsidered. Respondent replied that it continued to consider petitioner to be a covered local authority and, in July 2013, publicly listed petitioner as noncompliant. Petitioner then commenced this proceeding in November 2013 challenging respondent's determination, and Supreme Court granted respondent's pre-answer motion to dismiss on the ground that the proceeding was untimely. Petitioner appeals.

Petitioner's contention that the proceeding is not subject to a four-month statute of limitations because respondent acted in excess of its jurisdiction is unpersuasive. Respondent is authorized to ensure that "local authorities" comply with the reporting requirements of the Public Authorities Law (see Public Authorities Law §§ 2 [2]; 6), and petitioner's claim that respondent's determination is in conflict with the relevant statutory language is "reviewable in a CPLR article 78 proceeding, subject to a four-month statute of limitations" (Fulton County Economic Dev. Corp. v New York State Auths. Budget Off., 100 AD3d 1335, 1336 [2012]). Further, we agree with Supreme Court that the determination here was final and binding on December 6, 2011. Respondent's November 2011 letter left no doubt that it had reached a definitive position regarding petitioner's status. The fact that petitioner was not on the two public lists of noncompliant entities issued by respondent between December 2011 and July 2013 changed neither respondent's determination nor petitioner's obligation to comply with the Public Authorities Law, and respondent's acknowledgment of its authority to reconsider did not render its determination nonfinal or extend the statute of limitations (see Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974, 976 [1983], cert denied 469 US 823 [1984]; Fulton County Economic Dev. Corp. v New York State Auths. Budget Off., 100 AD3d at 1336; Matter of Hogg-Chapman v New York State Teachers' Retirement Sys., 83 AD3d 1261, 1262 [2011]). Petitioner's remaining contentions have been considered and found to be without merit.

Peters, P.J., Lahtinen and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court