■ In the Matter of QUENTIN ROAD DEVELOPMENT, LLC, Appellant, v CHRISTOPHER COLLINS et al., Respondents. [54 NYS3d 438]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York dated June 24, 2014, which, after a hearing, denied the petitioner's appeal from a determination of the Department of Buildings of the City of New York dated January 14, 2014, denying its application for a finding that the portion of the subject building located in a C4-2 zoning district is not subject to regulation under New York City Zoning Resolution § 113-11, the petitioner appeals from a judgment of the Supreme Court, Kings County (Solomon, J.), dated January 15, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In a determination dated January 14, 2014, the Department of Buildings of the City of New York (hereinafter the DOB) found that, pursuant to New York City Zoning Resolution (hereinafter ZR) § 113-11, the maximum permitted floor-to-area ratio for the portion of the subject building located in a C4-2 zoning district is governed by ZR article II, chapter 3, and that it is proper to refer to ZR § 34-112 in order to determine how to apply ZR article II, chapter 3 within a C4-2 zoning district. Following an administrative appeal, the Board of Standards and Appeals of the City of New York (hereinafter the BSA) upheld the determination of the DOB.

A determination of the BSA "may not be set aside in the absence of illegality, arbitrariness, or abuse of discretion" (*Matter of 25-50 FLB, LLC v Srinivasan*, 116 AD3d 1056, 1056 [2014]; *see Matter of Ward v Bennett*, 79 NY2d 394, 399 [1992]). " 'In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis' " (*Matter of 25-50 FLB, LLC v Srinivasan*, 116 AD3d at 1056, quoting *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]). Here, according proper deference to the interpretation given to ZR § 113-11 by the DOB (*see Matter of Fineway Supermarkets v State Liq. Auth.*, 48 NY2d 464 [1979]; *Matter of 25-50 FLB, LLC v Srinivasan*, 116 AD3d at 1057; *Arbuiso v New York City Dept. of Bldgs.*, 64

AD3d 520 [2009]; *cf. Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 102-103 [1997]; *Matter of Toys "R" Us v Silva*, 89 NY2d 411 [1996]), the BSA's determination in upholding the determination of the DOB had a rational basis (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274 [1988]; *Matter of Natchev v Klein*, 41 NY2d 833 [1977]; *Matter of 25-50 FLB, LLC v Srinivasan*, 116 AD3d at 1057; *Matter of Mainstreet Makeover 2, Inc. v Srinivasan*, 95 AD3d 1331 [2012]).

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.