Matter of McCollum v City of New York (2020 NY Slip Op 03516)





Matter of McCollum v City of New York


2020 NY Slip Op 03516


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-10829
 (Index No. 511999/15)

[*1]In the Matter of Christopher McCollum, appellant,
v
City of New York, et al., respondents.


Christopher McCollum, Brooklyn, NY, appellant pro se.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Eva L. Jerome of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Mayor's Office of Housing Recovery Operations dated March 1, 2016, the petitioner appeals from a judgment of the Supreme Court, Kings County (Katherine Levine, J.), dated June 26, 2018. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner applied to Build It Back, a Federal disaster assistance program (hereinafter the program) administered by the New York City Mayor's Office of Housing Recovery Operations (hereinafter HRO), for funds to repair damage to his primary residence which was purportedly caused by Hurricane Sandy. In order to verify his eligibility for the program, the subject premises were inspected on March 12, 2014, and a damage assessment was prepared. The program's damage assessor noted various damaged items at the premises, but concluded that there were "[n]o apparent storm related damages from Hurricane Sandy." The program then denied the petitioner's application, saying that it "was unable to determine that the property sustained physical damage because of Hurricane Sandy." The petitioner requested reconsideration of the decision, and submitted an inspection report completed by a professional engineer who concluded that the damage to the premises was caused by Hurricane Sandy. The HRO reviewed these submissions and confirmed the denial of the application, finding that the petitioner's engineer's report did not demonstrate that the damage was caused by the storm. The petitioner appealed that determination and, by letter dated March 1, 2016, the HRO confirmed the denial of the petitioner's application.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the HRO's determination dated March 1, 2016. The Supreme Court, upon concluding that the petitioner had failed to show that the determination was arbitrary and capricious or not reasonably based on the facts, denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"In reviewing an administrative agency determination, [courts] must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious" (Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 149; see [*2]Matter of Peckham v Calogero, 12 NY3d 424, 431). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d at 431; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Peckham v Calogero, 12 NY3d at 431).
Here, the determination by the HRO to confirm the denial of the petitioner's application had a rational basis and was not arbitrary and capricious. The program's damage assessor who inspected the property determined that the damage to the premises was not caused by Hurricane Sandy, but rather was the result of deferred maintenance of the 100-year-old home. Despite the petitioner's efforts to rebut this conclusion with the submission of his own engineer's report, the petitioner's engineer's report did not establish that the damage was caused by Hurricane Sandy, as the engineer's report stated that the conclusions therein were based upon, inter alia, the representations of the petitioner, rather than independent scientific or fact-based evaluation to establish that Hurricane Sandy had caused the damage. Contrary to the petitioner's contention, the HRO was not required to accept the engineer's report and conclusions, but had the discretion to weigh the damage assessments and determine whether the damage was caused by Hurricane Sandy. The determination that the petitioner was ineligible for the program was not arbitrary and capricious or affected by an error of law. Accordingly, we agree with the Supreme Court's determination denying the petition and, in effect, dismissing the proceeding (see Matter of Kivo v Levitt, 50 NY2d 1017, 1018; Matter of Smolarczyk v Towns, 166 AD3d 786, 788; Matter of 96 Wythe Acquisition, LLC v Jiha, 165 AD3d 1100, 1101-1102; Matter of Quentin Rd. Dev., LLC v Collins, 150 AD3d 859, 859-860).
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court