Matter of Sternberg v New York State Off. for People with Dev. Disabilities (2022 NY Slip Op 02270)

Matter of Sternberg v New York State Off. for People with Dev. Disabilities

2022 NY Slip Op 02270

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-00698
 (Index No. 53383/19)

[*1]In the Matter of Samuel Cooper Sternberg, etc., petitioner, 
v
New York State Office for People with Developmental Disabilities, etc., et al., respondents.

Deborah E. Cooper and Daniel S. Sternberg, Millerton, NY, for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Blair J. Greenwald of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Health dated April 29, 2019. The determination, after a fair hearing pursuant to Social Services Law § 22, upheld a determination of the New York State Office for People with Developmental Disabilities dated January 11, 2019, terminating the petitioner's participation in the Medicaid Home and Community Based Services Waiver Program.
ADJUDGED that the determination dated April 29, 2019, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 to annul a determination of the New York State Department of Health (hereinafter DOH), made after a fair hearing pursuant to Social Services Law § 22, which upheld a determination of the New York State Office for People with Developmental Disabilities (hereinafter OPWDD) terminating the petitioner's participation in the Medicaid Home and Community Based Services Waiver Program (hereinafter HCBS Waiver Program) on the ground that the petitioner resides in an ineligible setting for receipt of nonresidential HCBS Waiver Program services. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
Resolution of this proceeding turns primarily on the interpretation of the applicable regulatory provisions. Therefore, transfer of the proceeding to this Court was erroneous (see id.). However, since the full record is now before this Court, we will decide the entire proceeding on the merits in the interest of judicial economy (see Matter of Santiago v Capra, 170 AD3d 1180, 1181).
The petitioner's contention that DOH's determination should be annulled due to defects in OPWDD's notice of decision terminating his participation in the HCBS Waiver Program is without merit. Although the notice failed to specify the regulatory provision supporting OPWDD's action (see 18 NYCRR 358-2.2[a][3], [4]), this omission did not deprive the petitioner of any substantial rights. The notice provided the petitioner with the specific reason for OPWDD's decision, which he was fully prepared to challenge at the fair hearing (see Matter of Collins v D'Elia, 104 AD2d 1035, 1036).
"In a proceeding such as this, which challenges a determination made by an administrative agency as to the proper interpretation of statutes and regulations, the court's function is to ascertain, upon the proof before the agency, whether its determination had a rational basis in the record or, conversely, was arbitrary and capricious or affected by an error of law" (Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs., 71 AD3d 98, 109; see CPLR 7803[3]; Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 149). "'An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts'" (Matter of McCollum v City of New York, 184 AD3d 838, 839, quoting Matter of Peckham v Calogero, 12 NY3d 424, 431). "'An agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable'" (Matter of 96 Wythe Acquisition, LLC v Jiha, 165 AD3d 1100, 1101, quoting Matter of ATM One, LLC v New York State Div. of Hous. & Community Renewal, 37 AD3d 714, 714). "'If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency'" (Matter of McCollum v City of New York, 184 AD3d at 480, quoting Matter of Peckham v Calogero, 12 NY3d at 431).
Here, DOH's determination to uphold OPWDD's termination of the petitioner's participation in the HCBS Waiver Program based upon DOH's interpretation of the "appropriate living arrangement" requirement of 14 NYCRR 635-10.3(b)(5) had a rational basis and was not arbitrary and capricious. Pursuant to 14 NYCRR 635-10.3(b)(5), to be eligible for participation in the HCBS Waiver Program, an individual must "reside in an appropriate living arrangement (i.e., his/her own home or that of relatives, a supervised or supportive community residence, a certified individualized residential alternative, or in a certified family care home)." DOH interpreted the phrase "appropriate living arrangement" as limited to the four settings expressly enumerated in the regulation, and interpreted the phrase "own home" as limited to one in which an individual has "ownership and/or rights to possession," as opposed to any place where an individual chooses to live daily life. Contrary to the petitioner's contention, DOH's interpretation of the regulation gives effect to the plain language of the regulatory text and, therefore, was not unreasonable (see Matter of Peckham v Calogero, 12 NY3d at 431; Matter of SCO Family of Servs. v New York State Dept. of Health, 149 AD3d 753, 755). Moreover, upon consideration of DOH's interpretation, its determination that the petitioner's living arrangement in a residence hall owned by a private organization as part of a campus-based transition to independence program did not fall within the definition of "appropriate living arrangement" under 14 NYCRR 635-10.3(b)(5) was not arbitrary or capricious (see Matter of Peckham v Calogero, 12 NY3d at 431; Matter of SCO Family of Servs. v New York State Dept. of Health, 149 AD3d at 755; Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs., 71 AD3d 98).
The petitioner's remaining contentions are without merit.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court