Matter of Shulamith Sch. for Girls v New York State Off. of Children & Family Servs. (2023 NY Slip Op 06745)

Matter of Shulamith Sch. for Girls v New York State Off. of Children & Family Servs.

2023 NY Slip Op 06745

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-06794
 (Index No. 614563/18)

[*1]In the Matter of Shulamith School for Girls, petitioner,
v
New York State Office of Children and Family Services, et al., respondents.

Kasowitz Benson Torres LLP, New York, NY (David Kupfer of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Judith N. Vale, Anagha Sundararajan, and Ari J. Savitzky of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Commissioner of the New York State Office of Children and Family Services dated October 25, 2018. The determination, after a hearing, affirmed a prior determination of the New York State Office of Children and Family Services dated April 25, 2017, directing the petitioner to cease and desist operating an unlicensed child day care center.
ADJUDGED that the determination dated October 25, 2018, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner, Shulamith School for Girls, operates an early childhood program for Jewish girls aged three to five in Woodmere. On April 24, 2017, the respondent New York State Office of Children and Family Services (hereinafter OCFS), upon finding that the petitioner's early childhood program was a child day care center required to be licensed under Social Services Law § 390, issued the petitioner a letter directing it to cease and desist its unlicensed operation of a child day care center. After a hearing, a designee of the Commissioner of OCFS issued a determination dated October 25, 2018, affirming OCFS's prior determination directing the petitioner to cease and desist its operation of an unlicensed child day care center. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the October 25, 2018 determination. In an order entered November 15, 2019, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g) on the ground that it raises the issue of whether the determination, made after a hearing, is supported by substantial evidence.
Pursuant to Social Services Law § 390, child day care centers caring for seven or more children are required to obtain a license to operate from OCFS (see id. § 390[2][a]). As is relevant to this proceeding, a license is not required, however, for care provided in "a program for school-age children operated solely for the purpose of religious education" (18 NYCRR 413.2[a][2][ii]), or "a kindergarten, pre-kindergarten or nursery school for children three years of age or older . . . operated by a public school district or by a private school or academy which is providing elementary or secondary education or both in accordance with the compulsory education [*2]requirements of the Education Law, provided that such kindergarten, pre-kindergarten, nursery school or program is located on the premises or campus where the elementary or secondary education is provided" (id. § 413.2[a][2][v]).
The facts of this proceeding are for the most part undisputed. The crux of this case instead turns on the interpretation of 18 NYCRR 413.2(a)(2)(ii) and 18 NYCRR 413.2(a)(2)(v), and whether the petitioner's program falls within one of those exemptions. The petition did not actually raise a substantial evidence question. As this proceeding thus involves questions of law rather than an issue of substantial evidence, the transfer of this proceeding to this Court was erroneous. Nevertheless, in the interest of judicial economy, this Court will decide the proceeding on the merits (see Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d 680, 681; Matter of Leggio v Devine, 158 AD3d 803, 804, affd 34 NY3d 448; Matter of Benjamin v McGowan, 275 AD2d 290, 291).
In a proceeding "which challenges a determination made by an administrative agency as to the proper interpretation of statutes and regulations, the court's function is to ascertain, upon the proof before the agency, whether its determination had a rational basis in the record or, conversely, was arbitrary and capricious or affected by an error of law" (Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs., 71 AD3d 98, 109; see Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d at 681-682). "'An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts'" (Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d at 682, quoting Matter of McCollum v City of New York, 184 AD3d 838, 839 [internal quotation marks omitted]). "'An agency's interpretation of the statutes and regulations that it administers is entitled to deference, and must be upheld if reasonable'" (Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d at 682, quoting Matter of 96 Wythe Acquisition, LLC v Jiha, 165 AD3d 1100, 1101 [internal quotation marks omitted]; see Steck v Jorling, 219 AD2d 727, 729). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Peckham v Calogero, 12 NY3d 424, 431; accord Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d at 682).
Here, OCFS's interpretation of "school-age children" (18 NYCRR 413.2[a][2][ii]) to exclude pre-school age children such as those enrolled in the petitioner's program is in accord with the definition of "school-age children" provided for in the regulatory scheme (id. § 413.2[b][4][i]). Moreover, OCFS's conclusion that the petitioner's program was not on the same "premises or campus" (id. § 413.2[a][2][v]) as an elementary and secondary school also operated by the petitioner approximately 1.3 miles away in a separate locale gives effect to the plain meaning of the regulatory text (see Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d at 682). Accordingly, the determination directing the petitioner to cease and desist its operation of an unlicensed child day care center had a rational basis and was not arbitrary and capricious (see Matter of Peckham v Calogero, 12 NY3d at 431).
The petitioner's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court