## Matter of Streeter v New York City Dept. of Envtl. Protection

2024 NY Slip Op 30571(U)

February 16, 2024

Supreme Court, Kings County

Docket Number: Index No. 268/2023

Judge: Patria Frias-Colon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                              Part 25
HON. PATRIA FRIAS-COLÓN, J.S.C.
-------------------------------------------------------------------------X

In the Matter of Application of
Michael Streeter,

Index # 268/2023
Cal. #s 45, 56A   Mot. Seq. #s 1, 2

PETITIONER,

For Judgment pursuant to Article 78, CPLR,

**DECISION/ORDER**

-against-

New York City Department of Environmental Protection,

Recitation as per CPLR §§ 2219(a) and/or
3212(b) of papers considered on review of
this motion:
NYSCEF Doc #s 13; 15; 31-35 by Petitioner
NYSCEF Doc #s 4-12; 16-30; 36 by Respondent

RESPONDENT.

--------------------------------------------------------------------------------X

Upon the foregoing cited papers and after oral argument on July 26, 2023, pursuant to CPLR §§ 7804(b), 506(b), 510(1), 511 and Article 78, the Decision and Order on Petitioner's Article 78 petition and Respondent's motion to change venue, is as follows:

Petitioner's Article 78 petition (motion sequence # 1) is DISMISSED and Respondent's motion to change venue from Kings County to Queens County (motion sequence # 2) is DENIED. Petitioner's Article 78 petition requested: (1) Respondent accept and pursue rejected complaint labeled 2023-11637, or in the alternative to provide Petitioner with a summons form to self-prosecute said complaint; (2) Respondent cease to block valid complaint submissions when a vehicle has moved, regardless of whether the distance moved puts them in front of another address, and either pursue such complaints or allow the citizen to self-prosecute such complaints; (3) Respondent cease interfering with self-prosecutions of complaints where non-frivolous arguments can be made for their validity, as required by NYC Administrative Code § 24-182; (4) Respondent stop assisting transgressors in circumventing the law proven helpful to cleaning up the environment and improving quality of life of citizens of New York City; (5) Respondent not interfere with Petitioner's and other citizens' constitutional right to clean air; (6) award Petitioner's costs, disbursements, and expenses, including reasonable attorney fees; and (7) any other relief the Court deems just and proper.

**BACKGROUND**

This action involves §§ 24-163, 24-178, 24-180, and 24-182 of the Administrative Code of the City of New York, which pertain to violations for idling vehicles. Petitioner is a resident of Kings County and a self-described Citizen Reporter concerned about the effects of air pollution on his community.[1] Respondent is the New York City Department of Environmental Protection (DEP), which reviews complaints of alleged idling violations throughout New York City.[2] On February 14,

---

[1] NYSCEF Doc. # 15 at pg.'s 3-4.
[2] Under Administrative Code § 24-182(a), a Citizen Reporter may submit a complaint to Respondent alleging that a truck or bus was idling in violation of Administrative Code § 24-163(a), and if Respondent successfully prosecutes the alleged violation, the Citizen Reporter is entitled to a statutory share of the penalty imposed and collected. *See* Administrative Code §§ 24-182(a) & 24-163(a); NYSCEF Doc. # 27 at pg. 9.

[* 1]

2023, Petitioner recorded a vehicle continuously idling for over three minutes at two different spots, in short succession, on the same street (Willoughby Street between Albee Square West and Flatbush Avenue in Brooklyn).[3] Petitioner submitted two complaints to the Respondent's "Idling Portal," where the second complaint submitted was automatically rejected and flagged as a duplicate.[4] Petitioner then emailed Respondent and asked for his second complaint to be processed, arguing that it was a new and separate violation from the first complaint.[5] Respondent rejected the request and stated that it was one violation in the same location.[6] On April 4, 2023, Petitioner emailed Respondent and requested to self-prosecute the second complaint, and Respondent replied that the second complaint was automatically blocked and deemed a duplicate, therefore neither the Petitioner nor the Respondent could pursue the complaint.[7]

Petitioner then brought this Article 78 petition, arguing that Respondent should prosecute the complaint or allow Petitioner to self-prosecute the complaint, that Respondent's decision as to the Petitioner's second complaint was arbitrary and capricious, as it ignored applicable decisional law of the OATH Appeals Unit and provided no reasonable rationale for its decision, and that Respondents determination violated Petitioner's right to clean air and a healthful environment under Article I, § 19 of the New York Constitution ("Green Amendment").[8]

Respondent opposes, arguing that its determination to identify Petitioner's second complaint as "duplicative" was reasonable and rational, that Petitioner is not entitled to mandamus because he does not have a clear right to the relief requested, and that Respondent's determination has not violated any environmental statute, nor is it subject to constitutional scrutiny under the Environmental Rights Amendment.[9]

## DISCUSSION

As an initial matter, Respondent's motion for change of venue is DENIED (mot. seq. # 2). Pursuant to CPLR § 506(b), a "proceeding against a body or officer shall be commenced in any county…where respondent made the determination complained of…or *where the material events otherwise took place*." (Emphasis added). Respondent argues that, because their determination to block Petitioner's second idling complaint as duplicative occurred in Queens County, that is the proper venue for this action. However, Petitioner's observation of the idling truck, resulting in the first complaint and being informed that the second complaint was duplicative all occurred in Kings County. Therefor Kings County is the proper venue for Petitioner's Article 78 proceeding. *See Flash Sec. Servs. v. City of New York*, 36 Misc. 3d 1213[A], 2012 NY Slip. Op. 51266[U] (Sup. Ct., Kings County 2012).

Now turning to the Petitioner's Article 78 petition (mot. seq. # 2), which for the reasons outlined below, is denied.

---

[3] A review of NYSCEF Doc. # 26, which are pictures of the position of the truck, demonstrated that the truck moved about two car-lengths forward (see NYSCEF Doc. # 26 at pg. 3).
[4] *Id.*
[5] *Id.* at pg.'s 6-7.
[6] *Id.* at pg. 7.
[7] *Id.*
[8] NYSCEF Doc. # 15 at pg.'s 1-10.
[9] NYSCEF Doc. # 27 at pg.'s 10-11.

[* 2]

The scope of judicial review in an Article 78 proceeding is limited to whether a governmental agency's determination was made in violation of lawful procedures, whether it was arbitrary or capricious, or whether it was affected by an error of law.[10] In reviewing an administrative agency's determination, courts must ascertain whether there is a rational basis for the agency's action or whether it is arbitrary and capricious.[11] Judicial deference and substantial weight must be accorded to the determination where the agency's determination is based on detailed methods derived from legislation, is within an area of the agency's expertise and is amply supported by the record.[12] The Court may not substitute its judgment for that of the decision-making agency, as it must only ascertain whether the agency's determination was rationally based. *Flacke* at 363; *Halloran*, 172 A.D.3d at 717. Additionally, an agency is to be afforded wide deference in the interpretation of its regulation and, to a lesser extent, in its construction of governing statutory law. *Vink v. New York State Div. of Hous. And Community Renewal*, 285 A.D.2d 203, 210 (1st Dept. 2001). However, an agency cannot engraft additional requirements or assume additional powers not contained in the enabling legislation. *Id.* at 210; *Matter of Schenkman v. Dole*, 148 A.D.2d 116 (1st Dept. 1989).

Under Administrative Code § 24-178(a)(3)(ii), a penalty can be imposed once per day when there is a violation of Administrative Code § 24-163(a). Respondent has interpreted and OATH has held that these sections of the Administrative Code, taken together, only allow OATH to impose one penalty per day for an idling violation involving a vehicle idling on the same block.[13] As such, Respondent's policy on this matter was rational, since accepting multiple complaints for idling violations that would be dismissed as duplicative would waste administrative resources. *See Welde v. NY City Dept. of Envtl. Protection*, 2024 NY Slip Op 30024(U) (Sup. Ct., NY County 2024).

Regarding Petitioner's mandamus relief, he is not entitled to such relief. "Mandamus is an extraordinary remedy that, by definition, is available only in limited circumstances." *Willows Condo. Ass'n v. Town of Greenburgh*, 153 A.D.3d 535 (2d Dept. 2017) (quoting *Klostermann v. Cuomo*, 61 N.Y.2d 525 [1984]). Mandamus may compel a governmental entity or officer to perform a ministerial duty but may not compel an act that involves an exercise of judgment or discretion. *Id.* at 536. However, a party seeking mandamus must show a clear and absolute right to the relief sought. *County of Fulton v. State*, 76 N.Y.2d 675 (1990). Here, Petitioner is not entitled to an Order that Respondent allow him to self-prosecute his complaints. In accordance with the policy that one violation is issued per occurrence per day, and per location, for all vehicles, Respondent notified Petitioner that the complaint was "duplicative" since the idling vehicle was in the same location[14]. Petitioner is not entitled to the other mandamus relief sought as Petitioner failed to show that he has a clear and absolute right to such relief.

Finally, under the circumstances here, Petitioner's argument that Respondent's determination, to block his second idling complaint as "duplicative" violated his rights to clean air and a healthful environment under the Green Amendment is unavailing. The Green Amendment was ratified and

---

[10] *See* CPLR § 7803(3); *Matter of Pell v. Board of Educ.*, 34 N.Y.2d 222, 230 (1974); *Scherbyn v. BOCES*, 77 N.Y.2d 753, 757-758 (1991).

[11] *Matter of Murphy v. New York State Div. of Hous. And Community Renewal*, 21 N.Y.3d 649 (2013); *McCollum v. City of New York*, 184 A.D.3d 838 (2d Dept. 2020).

[12] *Flacke v. Onondaga Landfill Sys., Inc.*, 69 N.Y.2d 355 (1987); *Halloran v. NYC Employees' Ret. Sys.*, 172 A.D.3d 715 (2d Dept. 2019).

[13] *See DEP v. Coast Linen Services*, Appeal No. 2200823 (September 29, 2022); *see also NYC v. 187 Pinehurst Owners Corp.*, Appeal No. 1300221 (July 25, 2013).

[14] *See* NYSCEF Doc. #s 24 & 26.

3

[* 3]

added to the New York Bill of Rights November 2021 and became effective on January 1, 2022.[15] There have been at least two cases[16] discussing the passed amendment, as its impact on environmental litigation in the State has only just begun. In *Fresh Air for the Eastside, Inc. v. State,* the Court found that a violation of the Green Amendment occurred where a landfill was "operated contrary to or in violation of current laws and regulations…"[17] and that the landfill could "no longer be allowed to cause so much harm and impact so many people and go unchecked, without proper intervention from the State."[18] That case is distinguishable from the instant matter.

Here, Respondent's determination to block Petitioner's second idling complaint as duplicative was not "contrary to or in violation of current laws and regulations," as found in *Fresh Air*. The Green Amendment's legislative history confirms it was not intended to change existing laws,[19] such that it allow this Court, in essence, to become the forum to modify the Administrative Code.[20] While a key purpose of the Green Amendment's passage is to address the issue of standing in environmental cases[21] and require municipal agencies to take appropriate action regarding the amendment's impact on their decision-making processes, here Petitioner's rights to clean air and a healthful environment were not violated by Respondent's determination.

All other relief not expressly addressed herein is denied.

This constitutes the Decision and Order of the Court.

Date:   February 16, 2024
         Brooklyn, New York

_____
Hon. Patria Frias-Colón, J.S.C.

---

[15] *See* Article 1, § 19 of the New York State Constitution; *Marte v. City of N.Y.*, 2023 NY Slip Op 31198[U] (Sup. Ct., NY County 2023).

[16] In *Marte v. City of N.Y.*, 2023 NY Slip Op 31198[U] (Sup. Ct., NY County 2023) residents of Manhattan challenged the construction of a housing development project through the Green Amendment; *See also Fresh Air for the Eastside, Inc. v. State*, 2022 NY Slip Op 34429[U] (Sup. Ct., Monroe County 2022) where residents of Perinton, New York sought to modify the operation of a landfill through the Green Amendment).

[17] *Fresh Air for the Eastside, Inc.*, 2022 NY Slip Op 34429[U] at pg. 15.

[18] *Id.* at pg. 17.

[19] *See* NYSCEF Doc. # 30 at pg. 35 (N.Y. State Assembly Debate on the amendment).

[20] *Marte*, 2023 NY Slip Op 31198[U] at pg. 8 ("A Court is not the right forum to, essentially, modify the state's environmental regulatory scheme regarding consideration of proposals for developments…").

[21] *Marte*, 2023 NY Slip Op 31198[U] at pg. 6.

[* 4]