Matter of Orange County Partnership, Inc. v State of New York Auths. Budget Off. (2024 NY Slip Op 01928)

Matter of Orange County Partnership, Inc. v State of New York Auths. Budget Off.

2024 NY Slip Op 01928

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2019-14363
 (Index No. 4759/19)

[*1]In the Matter of Orange County Partnership, Inc., petitioner/plaintiff-respondent, 
v
State of New York Authorities Budget Office, appellant, et al., respondent.

Letitia James, Attorney General, New York, NY (Steven C. Wu, Ari J. Savitzky, and Brian Lusignan of counsel), for appellant.
Naughton & Torre, LLP, Goshen, NY (Richard B. Golden of counsel), for petitioner/plaintiff-respondent.

DECISION & ORDER
In a hybrid proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the State of New York Authorities Budget Office dated May 17, 2019, which, among other things, found that the petitioner/plaintiff is a local authority within the meaning of the Public Authorities Law, and action for declaratory relief, the State of New York Authorities Budget Office appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Robert A. Onofry, J.), dated November 20, 2019. The order and judgment, insofar as appealed from, granted that branch of the petition/complaint which was to annul so much of the determination as found that the petitioner/plaintiff is a local authority within the meaning of the Public Authorities Law, and declared that the petitioner/plaintiff is not a local authority within the meaning of the Public Authorities Law.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition/complaint which was to annul so much of the determination as found that the petitioner/plaintiff is a local authority within the meaning of the Public Authorities Law is denied, that portion of the proceeding is dismissed, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate amended order and judgment, inter alia, declaring that the petitioner/plaintiff is a local authority within the meaning of the Public Authorities Law.
The petitioner/plaintiff, Orange County Partnership, Inc. (hereinafter the petitioner), previously known as Orange County Economic Development Corporation, is a not-for-profit local economic development corporation formed in 1985. In November 2011, the State of New York Authorities Budget Office (hereinafter the Authorities Budget Office) determined that the petitioner is a local authority subject to the reporting, disclosure, and governance requirements of the Public Authorities Law (see L 2005, ch 766; Public Authorities Law §§ 2[2]; 6). The petitioner commenced a CPLR article 78 proceeding to challenge that determination in the Supreme Court, which was dismissed on the ground that the proceeding was untimely. On appeal, the Appellate Division, Third Department, affirmed (see Matter of Orange County Economic Dev. Corp. v State of N.Y. Auths. Budget Off., 128 AD3d 1256). Thereafter, on May 17, 2019, the Authorities Budget Office issued [*2]an "updated determination" which, among other things, found that the petitioner remains a local authority within the meaning of the Public Authorities Law. In June 2019, the petitioner commenced this hybrid proceeding, inter alia, pursuant to CPLR article 78 to annul the determination of the Authorities Budget Office dated May 17, 2019, that the petitioner is a local authority subject to the oversight and reporting obligations of the Authorities Budget Office, and action for a judgment declaring that the petitioner is not a local authority within the meaning of the Public Authorities Law. By order and judgment dated November 20, 2019, the Supreme Court, among other things, granted that branch of the petition/complaint which was to annul so much the May 17, 2019 determination as found that the petitioner is a local authority within the meaning of the Public Authorities Law, and declared that the petitioner is not a local authority within the meaning of the Public Authorities Law. The Authorities Budget Office appeals, and we reverse.
"In this CPLR article 78 proceeding, where no administrative hearing was required, judicial review is limited to whether the determination was irrational, arbitrary and capricious or contrary to law" (Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off., 33 NY3d 131, 135; see CPLR 7803[3]). "Administrative action is irrational or arbitrary and capricious if 'it is taken without sound basis in reason or regard to the facts'" (Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off., 33 NY3d at 135, quoting Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280; see Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d 680, 682). "If a determination is rational it must be sustained even if the court concludes that another result would also have been rational" (Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off., 33 NY3d at 135; see Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d at 682).
Here, considering the totality of the circumstances, the Authorities Budget Office's May 17, 2019 determination that the petitioner is a "local authority" as defined by the Public Authorities Law had a rational basis and was not arbitrary and capricious (see CPLR 7803[3]; Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off., 33 NY3d at 135). Pursuant to Public Authorities Law § 2(2)(b), a "local authority" includes "a not-for-profit corporation affiliated with, sponsored by, or created by a county, city, town or village government." The record established that the issue of whether the petitioner was created by Orange County has already been decided against the petitioner in a prior proceeding (see Matter of Orange County Economic Dev. Corp. v State of N.Y. Auths. Budget Off., 128 AD3d at 1256; see also Smith v Russell Sage Coll., 54 NY2d 185, 194; Cold Spring Harbor Area Civic Assn. v Board of Zoning Appeals of Town of Huntington, 305 AD2d 444, 445) and that the petitioner is affiliated with and/or sponsored by the County (see Matter of Operation Oswego County, Inc. v State of N.Y. Auths. Budget Off., 125 AD3d 1521, 1522; Matter of Griffiss Local Dev. Corp. v State of N.Y. Auth. Budget Off., 85 AD3d 1402, 1404). Moreover, although the petitioner did not receive funding from the County in 2018, the Authorities Budget Office's explanation for the absence of funding during that time was rational (see Matter of New York City Tr. Auth. [New York State Pub. Empl. Relations Bd.], 154 AD2d 680; Matter of Cora v Joy, 81 AD2d 666). Accordingly, the Supreme Court erred in granting that branch of the petition/complaint which was to annul so much the May 17, 2019 determination as found that the petitioner is a local authority within the meaning of the Public Authorities Law, and in declaring that the petitioner is not a local authority within the meaning of the Public Authorities Law.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Orange County, for the entry of an appropriate amended order and judgment, inter alia, declaring that the petitioner is a local authority within the meaning of the Public Authorities Law (see Lanza v Wagner, 11 NY2d 317, 334).
MALTESE, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court