Matter of 136-21 Hillside Ave., LLC v Niblack (2025 NY Slip Op 01085)

Matter of 136-21 Hillside Ave., LLC v Niblack

2025 NY Slip Op 01085

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-00241
 (Index No. 714402/22)

[*1]In the Matter of 136-21 Hillside Avenue, LLC, petitioner 
v
Preston Niblack, etc., et al., respondents.

Goldberg & Bokor, LLP, Cedarhurst, NY (Scott Goldberg and Jason Bokor of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rochelle Cohen, Andrea M. Chan, and Edan Burkett of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Department of Finance of the City of New York, dated April 5, 2022. The determination denied the petitioner's application for reclassification and reassessment of certain real property from tax class four to tax class one.
ADJUDGED that the petition is granted, on the law, with costs, the determination dated April 5, 2022, is annulled, and the petitioner's application for tax reassessment and reclassification of the subject property from tax class four to tax class one is granted.
In June 2021, the petitioner (hereinafter the taxpayer) submitted an application to the Department of Finance of the City of New York (hereinafter the DOF) for tax reassessment and reclassification of a vacant lot located in Queens (hereinafter the parcel) from tax class four to tax class one. By determination dated April 5, 2022, the DOF denied the application. Thereafter, the taxpayer commenced this CPLR article 78 proceeding against the respondents, inter alia, to annul the determination. By order entered December 20, 2022, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
The relevant facts are essentially undisputed, and the crux of the matter is the interpretation of relevant statutes and regulations. Therefore, as the petition did not raise a question of substantial evidence, the transfer of the proceeding to this Court was erroneous. "Nevertheless, in the interest of judicial economy, this Court will decide the proceeding on the merits" (Matter of Leggio v Devine, 158 AD3d 803, 804; see Matter of Shulamith Sch. for Girls v New York State Off. of Children & Family Servs., 222 AD3d 983, 985).
Administrative Code of the City of New York § 11-206 provides that "[t]he commissioner of finance may correct any assessment or tax which is erroneous due to a clerical error or to an error of description contained in the several books of annual record of assessed valuations, or in the assessments-rolls." Pursuant to the Rules of the City of New York Department of Finance in effect at the time of the subject determination (see 19 RCNY former §§ 53-01, 53-02; hereinafter together the clerical error rules), an "[i]naccurate building class that affected assessed value" constitutes a clerical error or error of description (19 RCNY former 53-02[b][10]). The clerical error [*2]rules provide that such errors of description may be corrected by application to the City of New York within six years of the error (see id. former §§ 53-01, 53-02). Contrary to the respondents' contention, the challenge asserted by the taxpayer may be raised in this CPLR article 78 proceeding (see Matter of Block 3738 Construction Corp. v Niblack, _____ AD3d _____, 2025 NY Slip Op 00441 [2d Dept]; Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 33). To the extent that the decision of the Appellate Division, First Department, in Matter of 3061-63 Third Ave., LLC v Soliman (223 AD3d 548) is inconsistent with our conclusion, we decline to follow it.
"Judicial review of an administrative determination not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Lake v New York City Employees' Retirement Sys., 202 AD3d 682, 683 [internal quotation marks omitted]; see CPLR 7803). In New York City, tax class one property includes "all vacant land located within a special assessing unit which is a city" that is either zoned residential or situated immediately adjacent to qualifying residential property, "other than such land in the borough of Manhattan" (RPTL 1802[1][d]; see RPTL 1801[a]; Matter of 49 Realty Co. v Commissioner of Fin., 15 AD3d 659, 660). Tax class four property consists of "all other real property which is not designated class one, class two, or class three" (RPTL 1802[1]). Accordingly, vacant land that is zoned residential and located within New York City but outside of the borough of Manhattan is properly classified as tax class one, regardless of a commercial overlay (see Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d 988, 990).
Here, the parcel is a vacant lot located in Queens that was zoned R6 residential with a C2-3 commercial overlay. The respondents should have classified this parcel as tax class one regardless of the commercial overlay (see RPTL 1802[1]; Matter of Shore Dev. Partners v Board of Assessors, 82 AD3d at 990).
MILLER, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court