Matter of 29-76 Realty Co., LLC v New York City Water Bd. (2025 NY Slip Op 05946)

Matter of 29-76 Realty Co., LLC v New York City Water Bd.

2025 NY Slip Op 05946

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2021-05776
 (Index No. 704707/21)

[*1]Matter of 29-76 Realty Co., LLC, petitioner,
v
New York City Water Board, et al., respondents.

Goldberg & Bokor, LLP, Cedarhurst, NY (Scott Goldberg and Jason Bokor of counsel), for petitioner.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Susan Paulson of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York City Water Board dated September 28, 2020, which confirmed a decision of the New York City Department of Environmental Protection dated May 29, 2020, denying an application to reduce certain water and wastewater charges.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner is the owner of a commercial building in Long Island City. The building was equipped with a water meter. In January 2013, the New York City Department of Environmental Protection (hereinafter the DEP) requested that the petitioner provide its contractor access to the water meter, which needed to be replaced due to its inability to fully record water consumption. On March 4, 2013, the DEP's contractor inspected the water meter but was unable to install a replacement water meter at that time. The DEP subsequently sent the petitioner two water meter replacement notices dated March 28, 2013, and July 23, 2013, respectively, directing the petitioner, among other things, to contact the DEP's contractor to schedule a return visit in order to install the new water meter. The petitioner also received a demand-for-access notice and two notices of denial of access. Upon the petitioner's failure to timely respond to the inspection deadlines set forth in the demand-for-access notice and the first notice of denial of access, the DEP, inter alia, assessed a denial-of-access account administration fee and imposed attributed consumption charges starting from June 25, 2014. On October 25, 2019, once the petitioner's own plumber had installed a replacement water meter, the petitioner's representative contacted the DEP and scheduled an inspection of the replacement water meter on October 29, 2019, wherein a DEP contractor successfully inspected the water meter.
In a letter dated October 18, 2019, the petitioner contested the denial-of-access account administration fee and attributed consumption charges imposed on its account, contending that the attributed consumption charges should not have been imposed, given that, among other things, it allegedly had contacted the DEP's contractor each time it received a letter from the DEP and allegedly had never denied access to the DEP or its contractor. When this request was denied, [*2]the petitioner pursued administrative appeals with the DEP, which were denied. Separately, the petitioner requested the DEP's files on the building pursuant to the Freedom of Information Law (FOIL) (Public Officers Law art. 6). Upon receipt of the DEP's FOIL response, the petitioner supplemented its appeal letter, arguing that the documents received pursuant to the FOIL request were improperly redacted and did not show that the petitioner had ever refused the DEP or its contractor access to the premises. In July 2020, the petitioner appealed to the New York City Water Board (hereinafter the Water Board). In a letter dated September 28, 2020, the Water Board denied the appeal and affirmed the DEP's decision sustaining the denial-of-access account administration fee and attributed consumption charges upon finding that the petitioner had failed to provide access to the premises to the DEP's contractor to install the replacement water meter because the petitioner had failed to schedule a return visit with the DEP's contractor after March 4, 2013, when the contractor inspected the original water meter but was unable to install a replacement water meter that accurately measured water usage. The Water Board also found that, pursuant to the Water Board's Water and Wastewater Rate Schedule (hereinafter the Rate Schedule), the DEP properly imposed attributed consumption charges from June 25, 2014, until October 25, 2019, when the petitioner notified the DEP that the water meter had been installed and facilitated access.
The petitioner commenced this proceeding pursuant to CPLR article 78 against the DEP, the Water Board, and the City of New York to review the September 28, 2020 determination. By order dated July 23, 2021, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g), without deciding the merits of the petition.
"The courts have the power to review the [New York City] Water Board's determinations and may overturn determinations if the action is arbitrary and capricious, i.e. lacks a rational basis" (Matter of Big Six Towers, Inc. v New York City Water Bd., 216 AD3d 948, 950; see CPLR 7803[3]; Matter of Maimonides Med. Ctr. v New York City Water Dept., 164 AD3d 1342, 1343). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d 680, 682 [internal quotation marks omitted]; see Matter of McCollum v City of New York, 184 AD3d 838, 839).
"Judicial deference to an agency's interpretation of its rules and regulations is warranted because, having authored the promulgated text and exercised its legislatively delegated authority in interpreting it, the agency is best positioned to accurately describe the intent and construction of its chosen language" (Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 174; see Matter of Peckham v Calogero, 12 NY3d 424, 431; Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d at 682). "'If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency'" (Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d at 682 [internal quotation marks omitted], quoting Matter of McCollum v City of New York, 184 AD3d at 840; see Matter of Peckham v Calogero, 12 NY3d at 431).
The Supreme Court should not have transferred this proceeding to this Court because there was no administrative hearing and the petition did not raise any question as to whether the challenged determination was supported by substantial evidence (see CPLR 7803[4]; 7804[g]; Matter of Davis v Roldan, 54 AD3d 944, 945; Matter of Jan V. v State of N.Y. Off. of Children & Family Servs., 38 AD3d 912, 912). Nevertheless, this Court will retain jurisdiction and decide the merits of the petition in the interest of judicial economy (see Matter of Davis v Roldan, 54 AD3d at 945; Matter of Jan V. v State of N.Y. Off. of Children & Family Servs., 38 AD3d at 912).
Contrary to the petitioner's contention, the Water Board's determination had a rational basis and was not arbitrary and capricious (see Public Authorities Law §§ 1045-g[4]; 1045-j[1], [4]; Matter of Peckham v Calogero, 12 NY3d at 431; Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d at 682). The Water Board's interpretation of the Rate Schedule gave effect to the plain language of the regulatory text and, therefore, was not unreasonable (see Matter of Peckham v Calogero, 12 NY3d at 431; Matter of Sternberg v New York State Off. for [*3]People with Dev. Disabilities, 204 AD3d at 682). Moreover, upon consideration of the Water Board's interpretation, its determination that, pursuant to the Rate Schedule, the petitioner failed to provide "access" after the DEP's contractor inspected the original water meter but did not install a replacement water meter that accurately measured water usage had a rational basis and was not arbitrary and capricious (see Matter of Peckham v Calogero, 12 NY3d at 432; Matter of Sternberg v New York State Off. for People with Dev. Disabilities, 204 AD3d at 682-683). Thus, the Water Board's determination to assess the denial-of-access account administration fee and impose attributed consumption charges was rational (see Public Authorities Law §§ 1045-g[4]; 1045-j[1], [4]).
Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding on the merits.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court