Matter of Raffa v Bova-Hiatt
2026 NY Slip Op 03678
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Doreen Raffa, appellant,
v
Lisa Bova-Hiatt, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2022-00505, (Index No. 175/20)
Hector D. Lasalle, P.J.
William G. Ford
Helen Voutsinas
James P. McCormack, JJ.

Charles E. Holster III, Garden City, NY, for appellant.
Rozario Touma, P.C., New York, NY (Rovin R. Rozario and Hiba Touma of counsel), for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Governor's Office of Storm Recovery dated October 16, 2019, which upheld a determination of the same agency dated November 14, 2018, finding that the petitioner was ineligible to receive grant funds from the New York Rising Housing Recovery Program, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered January 10, 2022. The judgment, upon an order of the same court entered August 16, 2021, granting the respondent's cross-motion to supplement the administrative record, denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In April 2013, the petitioner applied to the New York Rising Housing Recovery Program (hereinafter Program), a disaster assistance program implemented by the Governor's Office of Storm Recovery (hereinafter the GOSR), for funds to repair flood damage caused by Hurricane Sandy to her single-family residence in Long Beach. The petitioner was awarded the sum of $400,000 in grant funds from the Program, $306,250 of which was paid out to the petitioner.
Subsequently, in November 2018, the GOSR informed the petitioner that she was ineligible for Program assistance and was required to return all grant funds that she had received from the Program, on the ground that she had been "convicted of insurance fraud." The petitioner appealed the determination pursuant to the designated administrative appeal process. In a determination dated October 16, 2019, the GOSR denied the petitioner's appeal, clarifying that its determination was based upon the petitioner's failure to disclose that a fire had damaged her home, that she had submitted a claim for fire damage with Allstate Insurance Company (hereinafter Allstate), and that Allstate had denied her claim on the grounds of "fraud, misrepresentation, or concealment of material facts and circumstances."
The petitioner subsequently commenced this CPLR article 78 proceeding against Lisa Bova-Hiatt (hereinafter the respondent), as executive director of the GOSR, to annul the GOSR's determination. The respondent submitted an answer that included as attachments, among other things, three exhibits from an action the petitioner had commenced against Allstate to recover [*2]damages for breach of contract, which had terminated in a jury verdict in Allstate's favor on the defenses of arson and fraud. The petitioner moved, inter alia, to strike the exhibits on the ground that they were not part of the administrative record to which the parties had stipulated. The respondent opposed the motion and cross-moved pursuant to CPLR 405 to supplement the administrative record to include these exhibits.
In an order entered August 16, 2021, the Supreme Court granted the respondent's cross-motion to supplement the administrative record. In a judgment entered January 10, 2022, the court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals from the judgment.
Contrary to the petitioner's contention, the Supreme Court providently exercised its discretion in permitting the respondent to supplement the administrative record with the three exhibits because the GOSR, in effect, relied upon those records in reaching its determination (see CPLR 405[a]).
"Judicial review of an administrative decision pursuant to CPLR article 78 is limited . . . to a determination of whether the administrative decision is arbitrary or capricious, or lacks a rational basis" (Matter of Brooklyn Vaporium, Inc. v New York City Dept. of Consumer Affairs, 241 AD3d 680, 681 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of M 20-46 Steinway, LLC v Niblack, 240 AD3d 898, 899). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d 424, 431; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231). "If the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (Matter of Peckham v Calogero, 12 NY3d at 431).
Here, contrary to the petitioner's contention, the GOSR's determination had a rational basis in the record and was not arbitrary and capricious (see id.; Matter of McCollum v City of New York, 184 AD3d 838, 840). Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.
The petitioner's remaining contentions either are without merit or do not warrant reversal or modification of the judgment.
LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court